IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICTY OF PENNSYLVANIA

| | | |
|---|---|---|
| William Pastore | : | CHAPTER 13 |
|     Debtor | : | |
| | : | |
| Tower Federal Credit Union | : | NO.  19-12540 JKF |
|     Respondent | : | |
|     v. | : | |
| | : | |
| William Pastore | : | |
|     Debtor | : | 11 U.S.C. Section 362 |
| Scott Waterman | : | |
|     Trustee | : | |

**STIPULATION TO DETERMINE
DISCHARGEABILITY OF DEBT AND AVOID THIRD LIEN**

    1.  Tower Federal Credit Union (hereinafter referred to as "Respondent") and Debtor, William Pastore (hereinafter referred to as "Debtor"), stipulate that Creditor, Caliber Home Loans, Inc. holds a first mortgage on the real property located at 116 Country Club Drive, Lansdale, PA 19446 (hereinafter referred to as the "the Property"), as evidenced by a certain Mortgage dated May 26, 2017 and recorded on June 1, 2017, with the Montgomery County Recorder of Deeds as document number 2017039198 (hereinafter referred to as "the First Mortgage").

    2.  Creditor, Caliber Home Loans, Inc. filed a Proof of Claim in the instant bankruptcy in the amount of $416,477.83 for the First Mortgage.

    3.  Respondent holds a second mortgage, as evidenced by a certain Mortgage dated May 26, 2017 and recorded on June 1, 2017, with the Montgomery County Recorder of Deeds as book number 14348, page number 01850 (hereinafter referred to as the "Second Mortgage")

    4.  Respondent filed a Proof of Claim in the amount of $87,166.81 in the instant bankruptcy for the Second Mortgage.

5. Respondent holds a third mortgage, as evidenced by certain Mortgage dated July 14, 2018 and recorded on July 28, 2017, with Montgomery County Recorder of Deeds as ID 14381/00260-00275 (hereinafter referred to as the "Third Mortgage").

6. Respondent filed a secured Proof of Claim in the amount of $17,321.53 in the instant bankruptcy for the Third Mortgage. The filed claim will be reclassified as an allowed totally unsecured claim.

7. The parties stipulate that the Property lacks sufficient equity to secure the Third Mortgage.

8. The Third Mortgage held by Respondent on Debtor's Property is "wholly unsecured" and entirely void pursuant to 11 U.S.C. Section 506(d).

9. Pursuant to 11 U.S.C. Section 349(b)(1)(c), the lien avoided by this stipulation pursuant to 11 U.S.C. Section 506 (d) shall be reinstated in the event the above-captioned bankruptcy case is dismissed. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Third Mortgage will be fully reinstated without further order of this Court.

10. Upon the successful completion of the Chapter 13 Plan or the issuance of a Discharge Order, Respondent shall take all steps necessary to release the Third Mortgage lien on the Property.

Date: September 16, 2019     BY:   /s/Rebecca A. Solarz, Esq.
                                   Rebecca A. Solarz, Esquire
                                   Attorney for Respondent

Date: September 16, 2019     BY:   /s/   MICHAEL A. LATZES
                                   Michael A. Latzes, Esquire
                                   Attorney for Debtor